IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARKEE THOMPSON, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>FIRST DATA CORPORATION, )<br>)<br>   Defendant. )<br>_____) | Civil Action File<br>No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Markee "Mark" Thompson ("Mr. Thompson"), by and through undersigned counsel, and files this Complaint for Damages (this "Complaint") against Defendant First Data Corporation, showing the Court as follows:

1.

Mr. Thompson brings this action following First Data Corporation's violation of the anti-discrimination and anti-retaliation provisions of the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et. seq. ("the FMLA") with respect to Mr. Thompson. As a result of Defendant's wrongful conduct, Mr. Thompson seeks to recover all compensation denied to him by virtue of the FMLA

1

violation, including back pay and front pay, as well as pre-judgment interest, liquidated damages, and attorneys' fees and costs.

## THE PARTIES

2.

Plaintiff Markee "Mark" Thompson ("Mr. Thompson") is an individual and a resident of the State of Georgia. Mr. Thompson submits to the jurisdiction and venue of this Court.

3.

Defendant First Data Corporation ("Defendant") is a Foreign Corporation, organized under the laws of Delaware, with a principal office address of 5565 Glenridge Connector NE, Suite2000, Atlanta, Georgia 30342. Defendant may be served via its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

4.

Mr. Thompson was an "employee" of Defendant for purposes of the FMLA at all times material hereto.

5.

At all times material hereto, Defendant was an "employer" of Mr. Thompson subject to the FMLA because Defendant was engaged in commerce or in an

industry affecting commerce, and Defendant employed at least 50 employees for each working day during each of 20 or more calendar workweeks in the calendar year applicable to Mr. Thompson's claim.

6.

During the relevant time period, Mr. Thompson was an "eligible employee" for purposes of the FMLA because Mr. Thompson worked at a location where Defendant employed at least 50 employees within a 75-mile radius and because he was employed by Defendant for at least twelve (12) months and worked at least 1,250 hours during the applicable 12-month period prior to the exercise of his right to FMLA leave.

**JURISDICTION AND VENUE**

7.

This Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

8.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)(1)-(2) because Defendant is a resident of the State of Georgia, the acts giving rise to this Complaint occurred within this District, and this Court has personal jurisdiction over Defendant.

## FACTUAL ALLEGATIONS

9.

Mr. Thompson worked for Defendant from 2006 until the time of his resignation in March 2017.

10.

Mr. Thompson held the position of Business Consultant for a large majority of his tenure with Defendant and remained in that position through the date of his departure.

11.

In or around August 2006, Mr. Thompson suffered severe injuries as a result of a car accident, and he has continued to experience pain and ongoing complications from his injuries since that time.

12.

Based on these injuries and his resulting need to seek continuing treatment, Mr. Thompson requested and was granted intermittent leave by Defendant under the Family Medical Leave Act ("FMLA").

13.

Mr. Thompson utilized the intermittent FMLA leave granted to him as needed and in good faith.

14.

While employed by Defendant, Mr. Thompson became interested in a Training Specialist position with Defendant.

15.

Mr. Thompson viewed the training specialist position as an opportunity for meaningful professional growth within the company. Based on the fact that several of Mr. Thompson's training specialist co-workers were later promoted to higher-level, higher-paid positions, Mr. Thompson also believed that the training specialist role would serve as a stepping stone which would allow him to work in almost any department within the company later on, thereby widening his career opportunities with First Data.

16.

The promotion to training specialist would have come with an estimated $20,000 - $25,000 pay increase.

17.

Mr. Thompson applied for the training specialist position multiple times throughout his tenure with Defendant.

18.

In or around March 2015, Mr. Thompson interviewed for the training specialist position; however, approximately two months later, Mr. Thompson was informed that he would not be promoted, but that Defendant was hiring another individual for the training specialist position instead.

19.

Defendant did not provide Mr. Thompson with an explanation for its decision not to promote him.

20.

Mr. Thompson had no disciplinary history with Defendant, always received positive performance reviews, and was otherwise highly qualified for the training specialist position.

21.

In fact, from 2012 onward, Mr. Thompson frequently volunteered within Defendant's training department.  His work there included assisting with employee transitions and putting together training curriculum, as well as the actual facilitation of training to new live hires.  Many of the individuals trained by Mr. Thompson went on to become training specialists themselves, or else subsequently attained higher-level and higher-paid positions than Mr. Thompson.

22.

The individual chosen for the training specialist position over Mr. Thompson in or around June 2015 had previously left Defendant's employ and had later come back to the company.  Overall, Mr. Thompson had worked for Defendant longer than did this individual, and Mr. Thompson had more experience than her with respect to the requirements of the position.  As with many other training specialists, this individual has now been promoted to an even higher-level position within Defendant's organization and is presumably earning much higher wages as a result.

23.

Shortly before his resignation, Mr. Thompson learned from multiple co-workers that he was not selected for the training specialist position as a result of his need for (and previous use of) intermittent FMLA leave.

24.

Defendant has not made a good faith effort to comply with the FMLA with respect to Mr. Thompson.

**COUNT ONE**
**(FMLA – DISCRIMINATION/RETALIATION)**

25.

Mr. Thompson realleges and incorporates Paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26.

At the time Mr. Thompson utilized the FMLA leave at issue in this Complaint, Mr. Thompson was an "eligible employee" for purposes of the FMLA because Mr. Thompson suffered from a "serious medical condition," had been employed by Defendant for at least twelve months, and had worked at least 1,250 hours during the relevant preceding period.

27.

The FMLA prohibits employers from taking adverse employment actions against an employee as a result of the employee's exercising a right protected by the FMLA, and specifically makes it unlawful for an employer to consider an employee's use of FMLA-qualifying leave in making employment decisions.

28.

Mr. Thompson exercised a right protected by the FMLA when Mr. Thompson requested, was granted, and intermittently took FMLA-qualifying leave.

29.

Defendant willfully discriminated and retaliated against Mr. Thompson by denying Mr. Thompson a promotion to which he was otherwise entitled when

Defendant used Mr. Thompson's taking of leave as a negative, motivating factor in making that determination.

30.

As a result of Defendant's willful discrimination and retaliation under the FMLA, Mr. Thompson is entitled to damages, liquidated damages, prejudgment interest, and attorneys' fees and costs.

### **PRAYER FOR RELIEF**

WHEREFORE, Mr. Thompson prays that the Court:

(a) Enter judgment in favor of Mr. Thompson and against Defendant for all damages and relief allowed by law, including prejudgment interest;

(b) Award Mr. Thompson litigation expenses and costs against Defendant, including reasonable attorneys' fees, pursuant to applicable law; and

(c) Provide such other and further relief as this Court deems just and proper.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted this 17th day of August, 2017.

                                            **MICHELLE L. WEIN, ESQ.**

                                            ***/s/ Michelle L. Wein***
                                            MICHELLE L. WEIN
                                            Georgia Bar No. 385424
                                            3340 Peachtree Road NE, Ste. 2570
                                            Atlanta, Georgia 30326
                                            (404) 981-6679 (telephone)
                                            (470) 276-3033 (facsimile)
                                            mwein@mweinlaw.com
                                            *Counsel for Plaintiff*